**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**DANA NELL DIXON**                                                                            **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO.: 3:12CV00031-JMV**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION**                                                 **DEFENDANT**

## ORDER AWARDING ATTORNEY FEES

Before the court is the claimant's motion [18] for payment of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In these proceedings, the claimant sought judicial review of the final decision of the Commissioner of Social Security, denying a claim for benefits. By Judgment [17] dated October 3, 2012, the court remanded this case to the Commissioner for further proceedings. The claimant now seeks attorney fees under the EAJA on the grounds that she was the prevailing party and the Commissioner's position was not "substantially justified." By the motion and attached exhibits, the claimant requests an award of $7,515.37 in attorney fees plus $350.00 in costs (from the Judgment Fund). The Commissioner does not oppose the claimant's request for attorney fees and costs but maintains that the EAJA award must be payable to the claimant, not her attorney.

The court has considered the claimant's motion and supporting documentation and the record of this case and finds that the fee request is reasonable and appropriate and that costs should be awarded. Accordingly, the only issue remaining is whether the award should be paid to the claimant or to her attorney.

The Commissioner states that he "objects to Plaintiff's request that the Court order the EAJA Attorney Fees to [sic] be paid directly to Plaintiff's attorney." However, the court reads the claimant's request differently, as she specifically requests that the award be paid "to Plaintiff for [her] attorney, per the Assignment of EAJA Fees . . . with the Commissioner retaining discretion to pay those fees to counsel for the plaintiff pursuant to a duly executed assignment

upon the Commissioner's determination that the plaintiff does not have an outstanding debt due and owing to the United States . . . ."

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29 (2010), the Supreme Court held that EAJA fees are payable to litigants. *Ratliff*, 130 S.Ct. at 2528.[1] Therefore, based on this authority and because both the claimant and the Government request that the award be paid to the claimant, the court finds it is appropriate to direct that payment be made to the claimant.

**THEREFORE, IT IS ORDERED** that the claimant's motion for payment of attorney fees and costs under the EAJA is hereby **GRANTED**, and the Commissioner shall pay the claimant $7,515.37 in attorney fees and $350.00 in costs, for the benefit of her attorney.

**THIS,** the 7th day of November, 2012.

/s/ Jane M. Virden
**U. S. MAGISTRATE JUDGE**

---

[1] The result is that attorney fees awards are subject to offset where the claimant has outstanding federal debts. *Ratliff*, 130 S.Ct. at 2528.